Lionel Z. Glancy (SBN 134180)
Robert V. Prongay (SBN 270796)
Lesley F. Portnoy (SBN 304851)
Charles H. Linehan (SBN 307439)
Pavithra Rajesh (SBN 323055)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiff Frank Bursick*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BURSICK, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OMNICELL, INC., RANDALL A. LIPPS, and PETER J. KUIPERS,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

CLASS ACTION COMPLAINT

Plaintiff Frank Bursick ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Omnicell, Inc. ("Omnicell" or the "Company"), with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Omnicell; and (c) review of other publicly available information concerning Omnicell.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Omnicell securities between October 25, 2018 and July 11, 2019, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Omnicell provides automation and business analytics software solutions for patient-centric medication and supply management to customers in the healthcare industry.

3.      On July 11, 2019, GlassHouse Research LLC published a report alleging that Omnicell prematurely recognized over $38 million in sales. The report also alleged that new product lines had been pushed onto customers, who were hesitant to purchase more inventory because of implementation issues, and that the Company will need to write off $23 million in obsolete inventory.

4.      On this news, the Company's stock price fell $11.41 per share, or nearly 14%, to close at $75.11 per share on July 11, 2019, on unusually heavy trading volume.

5.      Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company recognized revenue for certain transactions before fulfilling its performance obligations; (2) that the Company engaged in improper accounting practices to meet revenue targets; (3) that the Company experienced weaker demand for new product lines than it

had previously projected; (4) that, as a result, the Company would be required to write-off certain inventory; (5) that the Company misclassified certain expenses as capitalized expenditures; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis.

6.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.  In addition, the Company's principal executive offices are located in this Judicial District.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Frank Bursick, as set forth in the accompanying certification, incorporated by reference herein, purchased Omnicell securities during the Class Period, and suffered damages

1  as a result of the federal securities law violations and false and/or misleading statements and/or

2  material omissions alleged herein.

3      12.    Defendant Omnicell is incorporated under the laws of Delaware with its principal

4  executive offices located in Mountain View, California. Omnicell's common stock trades on the

5  NASDAQ exchange under the symbol "OMCL."

6      13.    Defendant Randall A. Lipps ("Lipps") was the Chief Executive Officer ("CEO") of

7  the Company at all relevant times.

8      14.    Defendant Peter J. Kuipers ("Kuipers") was the Chief Financial Officer ("CFO") of

9  the Company at all relevant times.

10     15.    Defendants Lipps and Kuipers are collectively referred to hereinafter as the

11  "Individual Defendants."   The Individual Defendants, because of their positions with the

12  Company, possessed the power and authority to control the contents of Omnicell's reports to the

13  SEC, press releases and presentations to securities analysts, money and portfolio managers and

14  institutional investors, *i.e.*, the market. Each defendant was provided with copies of the

15  Company's reports and press releases alleged herein to be misleading prior to, or shortly after,

16  their issuance and had the ability and opportunity to prevent their issuance or cause them to be

17  corrected.  Because of their positions and access to material non-public information available to

18  them, each of these defendants knew that the adverse facts specified herein had not been disclosed

19  to, and were being concealed from, the public, and that the positive representations which were

20  being made were then materially false and/or misleading.  The Individual Defendants are liable for

21  the false statements pleaded herein, as those statements were each "group-published" information,

22  the result of the collective actions of the Individual Defendants.

23                    **SUBSTANTIVE ALLEGATIONS**

24                          **Background**

25     16.    Omnicell provides automation and business analytics software solutions for patient-

26  centric medication and supply management to customers in the healthcare industry

27

28

## **Materially False and Misleading**
## **Statements Issued During the Class Period**

17.     The Class Period begins on October 25, 2018. On that day, the Company announced third quarter 2018 financial results in a press release that stated in relevant part:

*GAAP revenues of $204 million, up 9.4% year-over-year*

*GAAP net income per diluted share of $0.33, up 65% year-over-year*

*Non-GAAP revenues of $204 million, up 9.2% year-over-year*

*Non-GAAP net income per diluted share of $0.63, up 37% year-over-year*

**MOUNTAIN VIEW, Calif. -- October 25, 2018 --** Omnicell, Inc. (NASDAQ: OMCL), a leading provider of medication and supply management solutions to healthcare systems, today announced results for its third quarter ended September 30, 2018.

**GAAP Results**

GAAP revenues for the third quarter of 2018 were $204.3 million, up $17.5 million, or 9.4% from the third quarter of 2017. GAAP revenues for the nine months ended September 30, 2018 were $575.6 million, up $59.2 million, or 11.5%, from the nine months ended September 30, 2017.

Third quarter 2018 GAAP net income as reported was $13.6 million, or $0.33 per diluted share. This compares to GAAP net income of $7.7 million, or $0.20 per diluted share, for the third quarter of 2017.

GAAP net income for the nine months ended September 30, 2018 was $22.9 million, or $0.57 per diluted share. This compares to GAAP net loss of $0.7 million, or a net loss of $0.02 per diluted share, for the nine months ended September 30, 2017.

18.     On November 2, 2018, the Company filed its quarterly report on Form 10-Q with the SEC for the period ended September 30, 2018, affirming the previously reported financial results.

19.     On February 7, 2019, the Company announced its fourth quarter and full year 2018 financial results in a press release that stated, in relevant part:

*Record yearly GAAP revenues of $787.3 million*

*Record yearly Non-GAAP revenues of $787.3 million*

*2018 GAAP net income per diluted share of $0.93*

*Record 2018 Non-GAAP net income per diluted share of $2.09*

*Record ending product backlog of $478 million*

**MOUNTAIN VIEW, Calif. -- February 7, 2019 --** Omnicell, Inc. (NASDAQ: OMCL), a leading provider of medication and supply management solutions to healthcare systems, today announced results for its fiscal year and fourth quarter ended December 31, 2018.

**GAAP Results**

GAAP revenues for the fourth quarter of 2018 were $211.8 million, up $15.4 million, or 7.8% from the fourth quarter of 2017. GAAP revenues for the year ended December 31, 2018 were $787.3 million, up $74.6 million, or 10.5% from the year ended December 31, 2017.

Fourth quarter 2018 GAAP net income as reported was $14.8 million, or $0.36 per diluted share. This compares to GAAP net income of $31.2 million, or $0.79 per diluted share, for the fourth quarter of 2017.

GAAP net income for the year ended December 31, 2018 was $37.7 million, or $0.93 per diluted share. GAAP net income was $30.5 million, or $0.79 per diluted share, for the year ended December 31, 2017.

20.    On February 27, 2019, the Company filed its annual report on Form 10-K with the SEC for the period ended December 31, 2018, affirming the previously reported financial results. Regarding revenue recognition and performance obligations, the report stated, in relevant part:

The Company recognizes revenue when the performance obligation has been satisfied by transferring a promised good or service to a customer. The good or service is transferred when or as the customer obtains control of the good or service. Determining when control transfers requires management to make judgments that affect the timing of revenues recognized. Generally, for products requiring a complex implementation, control passes when the product is installed and ready for use. For all other products, control generally passes when product has been shipped and title has passed. For maintenance contracts and certain other services provided on a subscription basis, control passes to the customer over time, generally ratably over the service term as the Company provides a stand-ready service to service the customer's equipment. Time and material services transfer control to the customer at the time the services are provided. ***The portion of the transaction price allocated to the Company's unsatisfied performance obligations recorded as deferred revenues, net of deferred cost of goods sold, at December 31, 2018 and December 31, 2017 were $92.4 million and $89.4 million, respectively, of which $81.8 million and $78.8 million, respectively, are expected to be completed within one year.*** Remaining performance obligations primarily relate to maintenance contracts and are recognized ratably over the remaining term of the contract, generally not more than five years.

(Emphasis added.)

21.    On April 25, 2019, the Company announced its first quarter 2019 financial results in a press release that stated in relevant part:

*GAAP and non-GAAP revenues of $202.5 million, up 10.9% year-over-year*

*GAAP net income per diluted share of $0.08, up 14.3% year-over-year*

---

*Non-GAAP net income per diluted share of $0.61, up 110.3% year-over-year*

**MOUNTAIN VIEW, Calif. -- April 25, 2019 --** Omnicell, Inc. (NASDAQ: OMCL), a leading provider of medication and supply management solutions to healthcare systems, today announced results for its first quarter ended March 31, 2019.

**GAAP Results**

GAAP revenues for the first quarter of 2019 were $202.5 million, up $19.9 million, or 10.9% from the first quarter of 2018.

First quarter 2019 GAAP net income as reported was $3.3 million, or $0.08 per diluted share. This compares to GAAP net income of $2.7 million, or $0.07 per diluted share, for the first quarter of 2018.

22.    On May 3, 2019, the Company filed its quarterly report on Form 10-Q with the SEC for the period ended March 31, 2019, affirming the previously reported financial results.

23.    The above statements identified in ¶¶17-22 were materially false and/or misleading, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company recognized revenue for certain transactions before fulfilling its performance obligations; (2) that the Company engaged in improper accounting practices to meet revenue targets; (3) that the Company experienced weaker demand for new product lines than it had previously projected; (4) that, as a result, the Company would be required to write-off certain inventory; (5) that the Company misclassified certain expenses as capitalized expenditures; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

24.    On July 11, 2019, GlassHouse Research LLC published a report entitled "Ominous Omnicell, Inc. (OMCL) Delays the Inevitable." Based on a review of concealed long term receivables and declining deferred revenues, the report concluded that Omnicell prematurely recognized $38.3 million sales that should be recognized long-term consistent with the company's performance obligations. Among other things, the report alleged that Omnicell's "new product lines previously being pushed onto hospitals, GPOs, and customers to the point where they are

stuffed with products and hesitant to procure any more inventory, especially when dealing with implementation issues." The report further stated that, due to these accounting practices, the Company would be required to write off $23 million of obsolete inventory. Furthermore, due to inconsistent increases in capitalized expenses and prepaid commissions, the report alleged that $38.0 million in capitalized expenditures should have been expensed.

25.     On this news, the Company's stock price fell $11.41 per share, or nearly 14%, to close at $75.11 per share on July 11, 2019, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Omnicell securities between October 25, 2018 and July 11, 2019, inclusive (collectively, the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

27.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Omnicell's securities were actively traded on the NASDAQ exchange.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Millions of Omnicell shares were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by Omnicell or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

28.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

29.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

30.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Omnicell; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.   Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.   There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

32.     The market for Omnicell's securities was open, well-developed and efficient at all relevant times.   As a result of these materially false and/or misleading statements, and/or failures to disclose, Omnicell's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Omnicell's securities relying upon the integrity of the market price of the Company's securities and market information relating to Omnicell, and have been damaged thereby.

33.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Omnicell's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth

herein, not false and/or misleading. Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about Omnicell's business, operations, and prospects as alleged herein.

34.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Omnicell's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

35.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

36.     During the Class Period, Plaintiff and the Class purchased Omnicell's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

37.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the

federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Omnicell, his/her control over, and/or receipt and/or modification of Omnicell's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Omnicell, participated in the fraudulent scheme alleged herein.

**APPLICABILITY OF PRESUMPTION OF RELIANCE**
**(FRAUD-ON-THE-MARKET DOCTRINE)**

38.    The market for Omnicell's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Omnicell's securities traded at artificially inflated prices during the Class Period. On June 21, 2019, the Company's common stock closed at a Class Period high of $92.21 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Omnicell's securities and market information relating to Omnicell, and have been damaged thereby.

39.    During the Class Period, the artificial inflation of Omnicell's stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Omnicell's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Omnicell and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

40.    At all relevant times, the market for Omnicell's securities was an efficient market for the following reasons, among others:

(a)     Omnicell stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Omnicell filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Omnicell regularly communicated with public investors *via* established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Omnicell was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace

41.     As a result of the foregoing, the market for Omnicell's securities promptly digested current information regarding Omnicell from all publicly available sources and reflected such information in Omnicell's stock price. Under these circumstances, all purchasers of Omnicell's securities during the Class Period suffered similar injury through their purchase of Omnicell's securities at artificially inflated prices and a presumption of reliance applies.

42.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

1

**NO SAFE HARBOR**

2     43.     The statutory safe harbor provided for forward-looking statements under certain

3 circumstances does not apply to any of the allegedly false statements pleaded in this Complaint.

4 The statements alleged to be false and misleading herein all relate to then-existing facts and

5 conditions. In addition, to the extent certain of the statements alleged to be false may be

6 characterized as forward looking, they were not identified as "forward-looking statements" when

7 made and there were no meaningful cautionary statements identifying important factors that could

8 cause actual results to differ materially from those in the purportedly forward-looking statements.

9 In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-

10 looking statements pleaded herein, Defendants are liable for those false forward-looking

11 statements because at the time each of those forward-looking statements was made, the speaker

12 had actual knowledge that the forward-looking statement was materially false or misleading,

13 and/or the forward-looking statement was authorized or approved by an executive officer of

14 Omnicell who knew that the statement was false when made.

15

**FIRST CLAIM**

16
**Violation of Section 10(b) of The Exchange Act**
**and Rule 10b-5 Promulgated Thereunder**
17
**Against All Defendants**

18     44.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully

19 set forth herein.

20     45.     During the Class Period, the Company and the Individual Defendants carried out a

21 plan, scheme and course of conduct which was intended to and, throughout the Class Period, did:

22 (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein;

23 and (ii) cause Plaintiff and other members of the Class to purchase Omnicell's securities at

24 artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, the

25 Company and the Individual Defendants, and each of them, took the actions set forth herein.

26     46.     The Company and the Individual Defendants (i) employed devices, schemes, and

27 artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material

28 facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a

course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Omnicell's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  The Company and the Individual Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

47.     The Company and the Individual Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Omnicell's financial well-being and prospects, as specified herein.

48.     These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Omnicell's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Omnicell  and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

49.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants

1  was aware of the Company's dissemination of information to the investing public which they

2  knew and/or recklessly disregarded was materially false and misleading.

3      50.    The Company and the Individual Defendants had actual knowledge of the

4  misrepresentations and/or omissions of material facts set forth herein, or acted with reckless

5  disregard for the truth in that they failed to ascertain and to disclose such facts, even though such

6  facts were available to them. Such defendants' material misrepresentations and/or omissions were

7  done knowingly or recklessly and for the purpose and effect of concealing Omnicell's financial

8  well-being and prospects from the investing public and supporting the artificially inflated price of

9  its securities.  As demonstrated by the Company and the Individual Defendants' overstatements

10 and/or misstatements of the Company's business, operations, financial well-being, and prospects

11 throughout the Class Period, these defendants, if they did not have actual knowledge of the

12 misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by

13 deliberately refraining from taking those steps necessary to discover whether those statements

14 were false or misleading.

15     51.    As a result of the dissemination of the materially false and/or misleading

16 information and/or failure to disclose material facts, as set forth above, the market price of

17 Omnicell's securities was artificially inflated during the Class Period.  In ignorance of the fact that

18 market prices of the Company's securities were artificially inflated, and relying directly or

19 indirectly on the false and misleading statements made by the Company and the Individual

20 Defendants, or upon the integrity of the market in which the securities trades, and/or in the

21 absence of material adverse information that was known to or recklessly disregarded by the

22 Company and the Individual Defendants, but not disclosed in public statements by these

23 defendants during the Class Period, Plaintiff and the other members of the Class acquired

24 Omnicell's securities during the Class Period at artificially high prices and were damaged thereby.

25     52.    At the time of said misrepresentations and/or omissions, Plaintiff and other

26 members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff

27 and the other members of the Class and the marketplace known the truth regarding the problems

28 that Omnicell was experiencing, which were not disclosed by the Company and the Individual

Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Omnicell securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

53.     By virtue of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

54.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

55.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

56.     The Individual Defendants acted as controlling persons of Omnicell within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57.     In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to

control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

58.     As set forth above, Omnicell and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint.  By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury.

DATED:  July 18, 2019                    **GLANCY PRONGAY & MURRAY LLP**

By: s/*Lesley F. Portnoy*
Lionel Z. Glancy (SBN 134180)
Robert V. Prongay (SBN 270796)
Lesley F. Portnoy (SBN 304851)
Charles H. Linehan (SBN 307439)
Pavithra Rajesh (SBN 323055)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiff Frank Bursick*

**SWORN CERTIFICATION OF PLAINTIFF**

**OMNICELL, INC. SECURITIES LITIGATION**

I, Frank Bursick individually, and/or in my capacity as trustee and/or principal for accounts listed on Schedule A, certify that:

1. I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase the Omnicell, Inc. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Omnicell, Inc. securities during the Class Period set forth in the Complaint are as follows:

   (See attached transactions)

5. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

7/18/2019
_____
Date

DocuSigned by:
*Frank Bursick*
3C45601A16D04E4...
_____
Frank Bursick

**Frank Bursick's Transactions in Omnicell, Inc. (OMCL)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|----------|------------|
| 6/27/2019 | Bought | 100 | $86.2000 |